UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21528-CIV-TORRES

CESAR VAZQUEZ,

       Plaintiff,

vs.

GREAT LAKES REINSURANCE
(UK) PLC,

       Defendant.

_____/

## **ORDER**

This matter is before the Court on pending motions ripe for adjudication in the case. The Court has considered the parties' motions, responses, replies, as well as argument of counsel at a pretrial conference held on May 5, 2010. The Court issued its rulings on the motions on the record at the hearing. This Order is entered to memorialize those rulings.

      1.     Defendant's Motion to Strike Expert Witness or Alternative Motion to Compel Expert Report [D.E. 40] is **GRANTED IN PART**. The untimely expert disclosure was clearly deficient under Rule 26(a)(2)(B). As agreed to by Plaintiff, however, in lieu of striking the expert witness from trial the case will be continued to allow sufficient time to cure the discovery violation. Plaintiff was Ordered to serve an expert report, fully compliant with the Rule, within ten days of the date of the hearing. Plaintiff will also make the expert witness available for deposition after service of the

expert report, and no later than June 6, 2010. Trial in the case was continued until July 6, 2010.

2.      Defendant's Motion for Summary Judgment [D.E. 45] is **DENIED**. Defendant moved for summary judgment on Plaintiff's claim for the theft of his vessel while on a trailer, as the vessel was not in "a locked and fenced enclosure" at the time of its theft as required by the plain language of the insurance policy. The crux of Defendant's argument is that the policy requires this as a prerequisite to coverage because a vessel on a trailer is mobile and thus easily stolen. As a result, Defendant's policy restricts coverage for theft of the insured vessel while on a trailer to theft from a "locked and fenced enclosure or marina" with "visible evidence of forcible entry." Defendant concludes that no genuine issue of fact exists to dispute that the vessel was not in a locked and fenced enclosure at the time of the theft and, hence, the policy exclusion for trailered vessels applies as a matter of law.

Plaintiff responds that in fact the vessel was stored inside a locked and fenced enclosure, as required by the policy, even though the front of the trailer and/or the vessel was protruding through a gated storage area due to the vessel's size. Plaintiff contends that the gate was still secured with a locked chain, which had the effect of fully enclosing the vessel and securing it inside the fenced area. Plaintiff argues that the thieves who stole the vessel had to break the enclosure and the chains securing the vessel to successfully remove the vessel. Plaintiff posits that, at best, whether or not the method used to secure the vessel presents an issue of fact for the jury on Defendant's defense.

There is no question here that Plaintiff can satisfy his prima facie burden of showing that coverage would ordinarily apply for the theft of his vessel. There is also no dispute that the burden of showing that the policy exclusion was triggered on these facts rests with Defendant. The pending motion for summary judgment, consequently, seeks entry of summary judgment on Defendant's affirmative defense that would preclude all recovery on Plaintiff's claim.

Upon a thorough review of the summary judgment record, while keeping in mind that all inferences from that record should be accorded to Plaintiff under Rule 56, the Court must conclude that a genuine issue of material fact remains for the jury to adjudicate. Plaintiff's deposition testimony shows that he acknowledged that the double-doored gate could not be fully closed, in right angle fashion, due to the length of the vessel. There is no question that the vessel exceeded the 34 foot length of the storage area with a tightly shut front gate. Plaintiff claimed, under oath, that he was nevertheless able to secure the vessel by angling the vessel in such a way that the double-doored gate could be closed and secured through a locked chain. Though a gap between the gate doors undoubtedly existed, Plaintiff maintained that the vessel was still "enclosed" because the doors were able to close in a way that kept the vessel and trailer inside the storage area.

Our review of the record shows that a reasonable jury could, if it chose to believe Plaintiff's testimony, conclude that the storage area was materially "enclosed" in a manner that complied with the spirit and letter of the policy exclusion. A reasonable jury could find that the gate was closed to at least such a degree that it secured the area,

thus requiring a thief to break down the gate in one manner or another to gain access to the vessel. Under those circumstances, a reasonable jury could find that the policy exclusion was not triggered.

The opposite is also the case; a reasonable jury could find that the enclosure was not closed to a degree sufficient to secure and "enclose" the storage area. If that is the case, the jury would be instructed to find in Defendant's favor at trial. But on summary judgment, where the Court must assume that the facts are true from the Plaintiff's perspective, the Court cannot find that as a matter of law that Defendant is entitled to prevail on its affirmative defense. Therefore, summary judgment is not appropriate, the issue is for the jury to determine at trial, and the motion is Denied.

The denial of the motion does not necessarily mean, of course, that the Court cannot reconsider this interpretation of the record during trial under Rule 50, based upon the manner in which the evidence is presented at trial.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of May, 2010.

                                               */s/ Edwin G. Torres*
                                               EDWIN G. TORRES
                                               United States Magistrate Judge